# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN VICTOR MORKAL,<br><br>        Plaintiff,<br><br> v.<br><br>TERRY HAWKS d/b/a FAR NORTH MANAGEMENT SERVICES and at least two unknown employees of the SOCIAL SECURITY ADMINISTRATION of the U.S. Department of Health & Human Services,<br><br>        Defendants, | Case No. 3:12-cv-00218 RRB<br><br>**<u>ORDER REGARDING FEDERAL DEFENDANTS' MOTION TO DISMISS</u>** |

## I. INTRODUCTION

Plaintiff John Victor Morkal has filed suit against Defendant Terry Hawks and at least two unidentified employees of the United States Social Security Agency ("Federal Defendants") alleging Defendants participated in a scheme by which Plaintiff was defrauded of federal Supplemental Security Income (SSI) benefit payments and Alaska Adult Public Assistance (ADA) funds. The United States government, on behalf of Federal Defendants, has filed a motion to dismiss at Docket 62. Plaintiff has filed no response.

## II. BACKGROUND

Plaintiff is a recipient of both the Social Security Administration's SSI benefits and the State of Alaska's APA benefits. These benefits were based on the Social Security Administration's

determination that Plaintiff was sufficiently disabled and were provided to ensure Plaintiff's basic needs were met.[1] Although Plaintiff qualified for these benefits, he was deemed incapable of managing the benefits on his own and a licensed representative payee was required.[2] The Federal Defendants allegedly provided Plaintiff with a list of pre-approved representative payees in or around February 2011.[3] Defendants Hawks, the proprietor of Far North Management Services, was included in this list of pre-approved representative payees.

Plaintiff first selected Hawks as his representative in or about February 2011 and she represented him until May 2012.[4] Plaintiff's claims stem from a dispute with Hawks over her handling of his benefits and failure to provide him the corresponding funds upon his request.[5] This dispute has led to Plaintiff's present suit. Plaintiff asserts that the Social Security Administration's Anchorage office is an enterprise for purposes of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, and that Defendant Hawks and Federal Defendants were employed or associated with this enterprise to engage in racketeering activities to defraud and extort Plaintiff.[6] Plaintiff also claims that the actions of Hawks and Federal Defendants constitute a tort claim for intentional infliction of emotional distress.[7] Defendant Hawks filed an answer at Docket at 53, while Federal Defendants have responded with a motion to dismiss at Docket 62.

---

[1] Docket 43 at 3.
[2] *Id*. at 7.
[3] *Id*.
[4] *Id*. at 8-9.
[5] *Id*. at 9-10.
[6] *Id*. at 10.
[7] *Id*. at 14.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction.... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[8] When there is a challenge to the district court's subject matter jurisdiction, "no presumptive truthfulness attaches to a plaintiff's allegations."[9] "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."[10]

Jurisdictional challenges must be addressed before the Court considers the merits of a case.[11] Moreover, as jurisdiction is a threshold issue, "when a federal court ... lacks subject-matter jurisdiction, the court must dismiss the complaint," either upon a Rule 12(b)1) motion from the defendant or *sua sponte*.[12]

### B. Sovereign Immunity

The United States, as a sovereign, is immune from suit unless it waives such immunity.[13] A motion to dismiss based on sovereign immunity is essentially a motion to dismiss for lack of subject matter jurisdiction.[14] In the context of a Rule 12(b)(1) motion to dismiss on the basis of

---

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[9] *Pistor v. Garcia*, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotation omitted).

[10] *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (*quoting Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n. 1 (9th Cir.2007)).

[11] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94, 118 S. Ct. 1003 (1998).

[12] *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir. 2012) (*quoting Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235 (2006)).

[13] *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015) (*citing FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996 (1994)).

[14] *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988).

sovereign immunity, the party asserting subject matter jurisdiction has the burden of proving that immunity does not bar the suit.[15]

For suits against government officials like the present case, "the crucial question...is whether plaintiff[] sued these defendants...in their official capacities or in their individual capacities."[16] A government official sued in his official capacity is entitled to "forms of sovereign immunity that the entity, qua entity, may possess" whereas an official sued in his individual capacity, in contrast, cannot claim sovereign immunity from suit.[17]

### C. Federal Tort Claims Act

Under the Federal Tort Claims Act (FTCA), the United States has affirmatively waived its sovereign immunity with regard to tort liability.[18] The FTCA waives the United States' immunity for "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[19] However, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ."[20] An action under the FTCA "require[s] complete exhaustion of Executive remedies before invocation of the judicial process."[21] As the FTCA

---

[15] *Pistor*, 791 F.3d 1111 (*quoting* Miller v. Wright, 705 F.3d 919, 923 (9th Cir.) cert. denied, 133 S. Ct. 2829 (2013)).

[16] *Id*. (internal quotation omitted).

[17] *Kentucky v. Graham*, 473 U.S. 159, 166-67.

[18] 28 U.S.C. § 1346.

[19] 28 U.S.C. § 1346(b)(1).

[20] 28 U.S.C. § 2675(a).

[21] *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

waives sovereign immunity, the administrative claim requirement is jurisdictional and may not be waived."[22]

## IV. DISCUSSION

Plaintiff has alleged that Defendants have violated RICO and caused the intentional infliction of emotional distress. **For the reasons set forth below, the Federal Defendants' Motion to Dismiss is GRANTED.**

### A. RICO Claim

RICO does not waive sovereign immunity of the United States or its officials.[23] As Federal Defendants have challenged jurisdiction and asserted that sovereign immunity applies, the burden shifts to Plaintiff to establish the existence of jurisdiction. However, Plaintiff has filed no response to Defendants' motion to dismiss and as a result, Plaintiff has failed to meet his burden establishing subject matter jurisdiction. The Court therefore finds that sovereign immunity bars the suit against Federal Defendants in their official capacity, and the claims against Federal Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

Plaintiff has also brought suit against Federal Defendants in their individual capacities, for which they are not immune. However, Plaintiff has not provided specific identification of the Federal Defendants allegedly involved in this suit nor personally served these individuals. Persons

---

[22] *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985); *Jerves*, 966 F.2d at 521.

[23] *Dees v. California State University, Hayward*, 33 F.Supp.2d 1190, 1201 (N.D. Cal. 1998) ("The RICO statutes do not indicate that the United States has waived its sovereign immunity" and therefore "a RICO claim cannot be maintained against the United States."); *McMillan v. Department of Interior*, 907 F. Supp. 322, 326 (D. Nev. 1995), aff'd 87 F.3d 1320 (9th Cir. 1996) (No RICO statute waives the sovereign immunity of the United States or its agencies); *Dahmer v. Hamilton*, 238 F.3d 428 (9th Cir. 2000) ("RICO does not override states' sovereign immunity"); *Berger v. Pierce*, 933 F.2d 393, 397; (6th Cir. 1991) ("it is clear that there can be no RICO claim against the federal government").

sued in their individual capacities are required by Rule 4(d)(1) of the Federal Rules of Civil Procedure to receive personal service of the summons and complaint.[24] "Without personal service in accordance with Rule 4, the district court is without jurisdiction to render a personal judgment against a defendant."[25] Moreover, service at the defendant's place of employment is still insufficient to obtain jurisdiction over federal officers in their individual capacities.[26] Without personal service on Federal Defendants, the Court finds there to be insufficient service of process as to Federal Defendants in their individual capacities. Accordingly, all claims against Federal Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE**.

### B. Intentional Infliction of Emotional Distress Claim

Intentional infliction of emotional distress by the United States or its officials is a tort claim covered by the FTCA.[27] In order to bring this claim before the Court, Plaintiff needed to have presented his claim to the Social Security Administration for review and have it finally denied.[28] However, Plaintiff has alleged no such facts. In fact, Plaintiff's complaint makes no indication that he pursued any administrative remedies before seeking redress before this Court. Without any response from Plaintiff to Federal Defendants' motion to dismiss, the Court can only surmise that there was no complete exhaustion of the administrative remedies before Plaintiff brought this FTCA claim. The Court finds that Plaintiff did not comply with the administrative claim requirements of the FTCA and his claim for intentional infliction of emotional distress is **DISMISSED WITHOUT PREJUDICE**.

---

[24] *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982).
[25] *Id.*
[26] *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).
[27] *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996); *Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241, 1250 (9th Cir. 1998) (Alaska law).
[28] 28 U.S.C. § 2675(a).

## V. CONCLUSION

For the reasons set forth above, Federal Defendants' Motion to Dismiss at **Docket 62** is **GRANTED.**

**IT IS SO ORDERED** this 19th day of October, 2015.

                                      **S/RALPH R. BEISTLINE**
                                      **UNITED STATES DISTRICT JUDGE**